■ In the Matter of the Claim of EMILY (OTTO) CARLE, Respondent, against NEW YORK BUSINESS BUILDING CORP. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from a decision and award of the Workmen's Compensation Board, the sole issue being that of rate. Claimant was employed as an office cleaner in 1938 when she fell and injured her back. Her average wage was $10 for a 24-hour week and she was paid compensation at $8 for a short time and in 1939 the case was closed upon a lump-sum settlement. The claim was reopened in 1948 following a change in condition and award at $8 was made against the Special Fund and paid for various periods of lost time between September, 1947 and May, 1952. Following the second injury, again to her back, which occurred in 1953, when she was earning $65 per week as an assistant housekeeper, the 1938 claim was restored to the calendar for consideration with the 1953 claim and the board found that the two injuries contributed equally to a continuing disability and, upon the basis of the average weekly wage of $65, made an award at the rate of $32 per week, charging $16 thereof to appellant Special Fund. Appellant finds in this result the "anomalous situation" of an award of "$16 a week compensation in the 1938 case" as against claimant's 1938 earnings of $10 per week. More accurately, however, the $32 award, apportioned one half against appellant, did not represent separate awards for separate injuries as such but was for "the final and cumulative result to which [both] accidents contributed". (*Matter of Crawley* v. *Failla,* 6 N Y 2d 57, 62.) The award was within the applicable statutory limitation since it did not "exceed the amount of wages which the employee was receiving at the time the injury occurred" (Workmen's Compensation Law, § 15, subd. 6), the wages thus referred to being claimant's "earnings just before the *latest* injury." (*Matter of Braunstein* v. *General Marine Repair,* 307 N. Y. 296, 300; emphasis supplied.) As was further said in *Braunstein* (p. 300): "If any other interpretation be made of subdivision 6, the anomalous result will follow that the employer-carriers, as of the time of earlier contributing accidents, will be relieved of all money contributions, simply because the claimant's wages have been on the rise. Such a construction can be, and should be, avoided." Appellant recognizes the applicability of the

*Braunstein* case and indicates that this appeal was taken in an endeavor to obtain re-examination of the problem, but subsequently the Court of Appeals decided the *Crawley* case (*supra*) in which was clearly reiterated the principle previously announced in *Braunstein*. The board's present bulletin and procedures, discussed in appellant's reply brief, are not before us. No respondent having filed a brief, our affirmance is without costs. Decision and award unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.