In the Matter of the Claim of JOSEPH ORZO, Respondent, v EDO AIRCRAFT et al., Respondents; SPECIAL FUND FOR RE-OPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, July 10, 1980

### APPEARANCES OF COUNSEL

*George Cholet (Patrick E. Harnedy* of counsel), for appellant.

*Robert Abrams, Attorney-General (Howard B. Friedland* and *Henriette Frieder* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

HERLIHY, J.

The claimant sustained a compensable injury on December 16, 1946 and that injury has been held to be the responsibility

of the Special Fund. The board has apportioned the disability subsequent to a May, 1972 compensable accident as 75% causally related to the 1946 accident. The average weekly wage for the disability subsequent to the 1972 accident was set at the 1972 rate of $102.50, as sanctioned in prior judicial determinations. (See, e.g., *Matter of Carle v New York Business Bldg. Corp.,* 11 AD2d 570.) Based on the percentage of responsibility, the award against the Special Fund was set at $51.25 per week.

The Special Fund contends that the board erred as a matter of law in awarding more than $28 per week against it because of the provisions of section 15 (subd 6, par [j]) of the Workers' Compensation Law, which, in pertinent part, provide as follows: "[C]ompensation for permanent or temporary partial disability, or for permanent or temporary total disability due to an accident * * * that occurs on or after June first nineteen hundred forty-six, and prior to July first, nineteen hundred forty-eight, shall not exceed twenty-eight dollars per week * * * but in no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred".

In the cases of *Matter of Crawley v Failla* (6 NY2d 57), *Matter of Meszaros v Goldman* (307 NY 296) and *Matter of Carle v New York Business Bldg. Corp. (supra)* the issue concerned the meaning and effect of the provision in subdivision 6 of section 15 of the Workers' Compensation Law that the maximum was "the amount of wages which the employee was receiving at the time the injury occurred", and it was determined that it referred to the time of the *last* accident in a situation of multiple continuing accidents.

The above cases expressed the concern that to construe the limiting language as referring to the time of the prior contributory accident could result in no payment at all by earlier employer-carriers "simply because the claimant's wages have been on the rise." *(Matter of Meszaros v Goldman, supra,* p 300.) The board contends that the same principles are applicable to the instant case. However, the application of the $28 maximum does not have the effect of resulting in no payment at all, and there appears to be no public policy which would otherwise limit the express declaration of the Legislature that liability for the 1946 accident is limited to a maximum of $28 per week.

The decision lacks a reasonable basis and is arbitrary and capricious.

The decision should be modified, by reducing the award against the Special Fund to $28 per week, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Decision modified, by reducing the award against the Special Fund to $28 per week, and, as so modified, affirmed, without costs.