■ In the Matter of the Claim of DANIEL KEEFE, Appellant, v ARAMATIC REFRESHMENT SERVICES INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [975 NYS2d 204]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed August 2, 2012, which ruled, among other things, that claimant was entitled to workers' compensation benefits at the marked partial disability rate.

Claimant has two established workers' compensation claims for back injuries that occurred in 2004 and 2009, and his

benefits are apportioned equally between the claims. Although the parties agreed that claimant had a temporary total disability until January 2012 and thereafter was entitled to benefits at the temporary partial disability rate, the employer and the workers' compensation carrier responsible for the 2009 claim argued that the amount of benefits for which they were liable should be calculated using claimant's 2009 wages instead of his higher 2004 wages. The Workers' Compensation Board agreed, and claimant now appeals.

Workers' Compensation Law § 15 (5) provides that, "[i]n case of temporary partial disability resulting in decrease of earning capacity, the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his [or her] wage earning capacity after the accident in the same or other employment." Wages, in turn, are determined with reference "to the latest 'injury' when there have been two or more" (*Matter of Meszaros v Goldman*, 307 NY 296, 300 [1954]; *see* Workers' Compensation Law §§ 2 [9]; 15 [5-a], [7]). Accordingly, claimant's 2009 earnings were correctly used to calculate the employer's liability under that claim. Indeed, to hold otherwise would run afoul of the statutory directive that compensation for a later, successive claim be determined using a claimant's "earning capacity at the time of the later injury" (Workers' Compensation Law § 15 [7]; *see Matter of Crawley v Failla*, 6 NY2d 57, 62-63 [1959]; *Matter of Carle v New York Bus. Bldg. Corp.*, 11 AD2d 570, 570-571 [1960]).

As a final matter, the award for the period of temporary total disability was reduced by the Board, without explanation, to reflect a "marked temporary partial disability." The parties agree that this was error, and we remit this matter so that the Board may address this issue (*see* Workers' Compensation Law § 15 [2]).

Peters, P.J., McCarthy and Spain, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that claimant was entitled to benefits from February 9, 2011 to January 23, 2012 at the marked temporary partial disability rate of $154.78 per week in his 2009 workers' compensation claim; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.